The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72701
Dear Senator Malone:
This is in response to your request for an opinion on whether the members of a Regional Airport Authority are required to give the Authority all the powers set out in A.C.A. § 14-362-109 (1987) or whether they can select from among those powers. Specifically, you have asked whether the members of the Northwest Arkansas Regional Airport Authority may, by ordinance, excise from the original Authority Agreement the power to create an improvement district, which is specifically granted to the Authority in A.C.A. § 14-362-109(12). It is my opinion that while the members of the Authority may agree to forego exercising the power to create an improvement district, they may not by local legislation remove that power granted by state statute.
The Regional Airport Act, A.C.A. §§ 14-362-101 through 14-362-129
(1987), provides that any two or more municipalities and any two or more contiguous counties, or any combination thereof, are authorized to create a regional airport authority for the purpose of acquiring, equipping, constructing, maintaining, and operating regional airports. Each authority is granted the powers set out in § 14-362-109, including the power to create an improvement district. Section 14-362-109(12) provides that a regional airport authority is given the power to create and operate an improvement district:
 composed of the area encompassed within the jurisdictions of the participating governing bodies, upon the petition of persons claiming to be two-thirds (2/3) in value of the owners of real property in the area, as shown by the last county assessment. The improvement district shall be for the purpose of financing the construction, reconstruction, or repair of the regional airport and its facilities.
Under this section, a regional airport authority could create an improvement district upon the petition of the owners of 2/3 in value of the real property in the area. In my opinion, this provision is best interpreted as prohibiting the Authority from creating an improvement district without the petition of property owners as noted above, but not requiring the Authority to create an improvement district upon such petition by the property owners. The statute does not appear to create in the landowners a right to an improvement district and, consequently, the removal of the Authority's power to create an improvement district would not be prohibited as infringing upon such a right.
Nevertheless, counties are prohibited from enacting local legislation contrary to state law. See Ark. Const. amend. 55
and A.C.A. § 14-14-805(13) (1987). Likewise, cities of the first class, including the named members of the Northwest Arkansas Regional Airport Authority, are prohibited from exercising their legislative power in conflict with state law. See A.C.A. §14-14-601(a)(2) (1987). It is my opinion that ordinances passed by these entities removing the Authority's power to create improvement districts would be contrary to state law, which specifically provides that regional airport authorities shall have the power to create improvement districts. We are unaware, however, of any provision that would prohibit the members of the Authority from agreeing not to exercise their power to create an improvement district. The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General